UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTURO OSIEL VALENCIA BARRERA,

Plaintiff,

v.

WHATCOM COUNTY SHERIFF'S OFFICE et al.,

Defendants.

CASE NO. 2:25-cv-02129-JNW-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the Court on pro se Plaintiff Arturo Osiel Valencia Barrera's motion for a temporary restraining order, Dkt. No. 12. The Court DENIES the motion for the reasons stated below.

Temporary restraining orders are "extraordinary remed[ies] that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "[A] plaintiff seeking a preliminary injunction must make a clear showing that '[they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an

ORDER DENYING PLAINTIFF's MOTION FOR A TEMPORARY RESTRAINING ORDER - 1

injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024) (quoting *Winter*, 555 U.S. at 20). Where, as here, a party proceeds pro se, district courts must construe their filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even so, pro se litigants remain subject to the stringent procedural and substantive rules that govern TROs. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

First, Valencia Barrera's motion fails to satisfy the procedural requirements of Rule 65(b) and Local Civil Rule 65(b)(1). It includes no certification indicating notice given to Defendants. It neither certifies "efforts made to give notice," nor provides "reasons why it should not be required." *See* Fed. R. Civ. P. 65(b)(1). It also fails to include any indication that irreparable injury is likely to occur before notice can be given. Thus, the Court denies the motion for failure to comply with necessary procedural requirements.

Second, Valencia Barrera's TRO motion fails to clearly satisfy the *Winter* factors. *See Winter*, 555 U.S. at 22 (requiring a "clear showing" that plaintiff is entitled to relief). Valencia Barrera's motion seeks an order enjoining Defendants from:

> [H]arassing, stalking, poisoning, drugging, raping, torturing, psychological torturing, physical violence, deprivation of medical care, deprivation of an electronic tablet with the law library application, destroying any and all Whatcom County Sherif's Office records from January 2025 until the resolution of this case, and deliberate indifferent, and failure to give written responses to plaintiff's inmate request health request, and grievance forms of the Plaintiff, and for the defendants to stop ignoring Plaintiff's medical emergencies and transport Plaintiff to [medical center] for rape kit, colonoscopy, head to toe CT & MRI scans, sedative, drug and poison testing, STD testing, and a full blood test.

ORDER DENYING PLAINTIFF's MOTION FOR A TEMPORARY RESTRAINING ORDER - 2

Dkt. No. 12 at 1 (cleaned up).

Valencia Barrera's declarations provide more details about the reason behind his motion. Dkt. Nos. 13, 15, 17. He attests that his injuries are ongoing and that he is the victim of an elaborate criminal conspiracy by Defendants, which has included: poisoning his food, subjecting him to extreme pain, denial of hospital visits and medical care, rape, denial of court access, denial of a tablet with the law library application enabled, and mishandling of health requests and grievance requests. Dkt. No. 13.

Here, the first *Winter* factor—likelihood of success on the merits—is dispositive. Valencia Barrera generally asserts that he has been subject to misconduct by Defendants. The TRO identifies some serious and concerning forms of misconduct, which appear to form the basis of Valencia Barrera's underlying complaint, Dkt. No. 11, but the motion does not address the *Winter* factors. Overall, the motion is a series of conclusory statements about the form of relief sought by Valencia Barrera. Even when construed liberally, the Court cannot identify a legal claim at issue, let alone evidence of Valencia Barrera's likelihood of success on the merits. Because the first factor is not met, the Court need not address the three remaining factors. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Accordingly, Plaintiff's TRO motion, Dkt. No. 12, is DENIED without prejudice.

Dated this 27th day of April, 2026.

ORDER DENYING PLAINTIFF's MOTION FOR A TEMPORARY RESTRAINING ORDER - 3

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFF's MOTION FOR A TEMPORARY RESTRAINING ORDER - 4