UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTURO OSIEL VALENCIA BARRERA,

Plaintiff,

v.

WHATCOM COUNTY SHERIFF'S OFFICE ET AL,

Defendants.

Case No. 2:25-cv-02129-JNW-TLF

REPORT AND RECOMMENDATION

Noted for August 20th, 2026

This matter is before the Court on plaintiff's filing of an amended complaint pursuant to the Court's order that he file one. Dkt. 32. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, plaintiff's amended complaint remains fatally deficient, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

On April 30, 2026, the undersigned issued a Report and Recommendation concluding that the original complaint failed to state a claim upon which relief could be granted and recommended that it not be served. Dkt. 19 at 1, 14-15. The Court recommended that plaintiff be allowed to file an amended complaint and assert facts (if such facts exist), to support his Fourteenth Amendment deliberate indifference claim

and, if possible, correct identified deficiencies. *Id*. Plaintiff was advised that any amended complaint "must identify each individual defendant and describe what that person did or failed to do, when they did it, and how their conduct harmed him." *Id*. at 14. Plaintiff was further advised that supervisory officials could not be held liable absent facts establishing their personal involvement or another basis for supervisory liability, and that municipal defendants could not be sued under § 1983 without facts sufficient to state a claim under *Monell*. *Id*. at 14-15. The Court also recommended "that leave to amend be denied as futile as to plaintiff's conspiracy allegations, claims against immune defendants, and claims against entities that are not proper parties under § 1983." *Id*. at 14-15. The deadline to file objections was May 14, 2026.

After the Court issued the Report and Recommendation, plaintiff filed objections (Dkt. 21), numerous motions, supplements, and other duplicative filings. *See, e.g.*, Dkt. 20 (Motion for Indigent Status, Waiver of Fees, and Appointment of a Private Investigator); Dkt. 22 (Amended Motion for Indigent Status, Waiver of Fees, and Appointment of a Private Investigator); Dkt. 24 (Omnibus Motion and Declaration); Dkt. 25 (Motion for Extension to Comply with Dkt. 19 and for Leave to File Amended Complaint); Dkt. 26 (Motion for Extension to Comply with Dkt. 19 and Leave to File Amended Complaint and Declaration); Dkt. 27 (Proposed Notice of Appeal); Dkt. 28 (Supplement to Motion for Leave to File); Dkt. 29 (Supplement to Proposed Notice of Appeal); Dkt. 30 (Supplement to Motion for Leave to File); Dkt. 31 (Supplement to Proposed Notice of Appeal); Dkt. 33 (Supplement to Motion for Leave to File); and Dkt. 34 (Supplement to Proposed Notice of Appeal).

On June 22, 2026, plaintiff filed an amended complaint. Dkt. 32 (Amended Complaint).

Because plaintiff filed an amended complaint, on July 24, 2026, the District Judge declined to adopt the Report and Recommendation. Dkt. 35.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

The amended complaint is similar to the original complaint and fails to cure the deficiencies identified in the Court's prior Report and Recommendation. *Compare* Dkt. 4 (First Proposed Amended Complaint) *with* Dkt. 32 (Second Proposed Amended Complaint); *see also* Dkt. 19 at 14-15. For example, plaintiff still names Whatcom County Sheriff's Office, City of Bellingham, Prosecutors of Whatcom County, Prosecutor Sophia Padgett, Public Defender Krista Van Amerongen, Governor Bob Ferguson, and a host of other defendants the Court explicitly enumerated as improper defendants in its Report and Recommendation. Dkt. 32 at 3, 12. His allegations date back to 2012. Dkt. 32 at 5. Plaintiff also does not expand on his Fourteenth Amendment deliberate indifference claim.

Plaintiff alleges that he suffers from severe back pain, requires a second mattress because of an alleged spinal condition, he has dental problems, he was raped while in a homeless shelter in Phoenix, his food has been poisoned, there is a conspiracy against him, and that his left clavicle healed improperly, causing continuing pain. Dkt. 32 at 5, 17-18. He requests relief requiring that he receive a second mattress and that an orthopedic surgeon perform surgery to realign his clavicle, asserting that the

hospital should have operated upon his arrival. *Id*. However, plaintiff again fails to identify facts showing that any of the named defendants acted, or failed to act, in a way that shows they were deliberately indifferent to a serious medical need. Plaintiff's allegations in the proposed Amended Complaint therefore are insufficient to state a claim.

## CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – dismissal of this action for failure to state a claim under 42 U.S.C. § 1983 is proper. Accordingly, all pending motions (Dkt. 20, 22, 24, 25, 26) should be denied as moot. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 20th, 2026, as noted in the caption.

Dated this 5th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge